**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**TURTLE ISLAND FOODS, SPC,**
**doing business as THE TOFURKY COMPANY**                    **PLAINTIFF**

      **v.**                                   **CASE NO. 4:19-CV-514-KGB**

**NIKHIL SOMAN, in his official capacity as**
**Director of the Arkansas Bureau of Standards**                    **DEFENDANT**

---

**ANSWER**

---

Defendant Nikhil Soman, in his official capacity as Director of the Arkansas Bureau of Standards, by and through his attorneys, Attorney General Leslie Rutledge and Assistant Attorney General Jerry D. Garner, and for his Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief ("Complaint"), states:

**INTRODUCTION**

1.      Defendant admits that Plaintiff purports to bring this action challenging the constitutionality of Ark. Code Ann. § 2-1-305 ("the Act"), but denies the Act is unconstitutional or that Plaintiff or any other individual or entity has a valid claim against Defendant. Defendant admits the Act prohibits the misbranding or misrepresentation of agricultural products. Defendant admits the Act provides for a civil penalty not to exceed $1,000.00 for each violation of the Act. Defendant denies the remaining allegations in paragraph 1 of the Complaint.

2.      Defendant denies the allegations in paragraph 2 of the Complaint.

3.      Defendant admits that Plaintiff purports to seek injunctive and declaratory relief but denies that Plaintiff is entitled to such relief. Defendant denies the remaining allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Defendant admits that Plaintiff purports to bring this claim under 42 U.S.C. § 1983. Defendant admits that the Court has jurisdiction over this matter. Defendant denies the remaining allegations in paragraph 4 of the Complaint.

5.      The allegations in paragraph 5 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 5 are denied.

6.      Defendant admits venue is proper.

## PARTIES

7.      Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 7 of the Complaint and therefore denies the allegations.

8.      Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 8 of the Complaint and therefore denies the allegations.

9.      Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 9 of the Complaint and therefore denies the allegations.

10.     Defendant admits the allegations contained in the first two sentences of paragraph 10 of the Complaint. The remaining allegations in paragraph 10 do not require a response from Defendant. To the extent a response is required, the allegations are denied.

### FACTS

### Plant- and Cell-Based Meats

11.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 11 of the Complaint and therefore denies the allegations.

12.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 12 of the Complaint and therefore denies the allegations.

13.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 13 of the Complaint and therefore denies the allegations.

14.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 14 of the Complaint and therefore denies the allegations.

15.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 15 of the Complaint and therefore denies the allegations.

### Consumers Are Not Confused About Plant-Based Meats[1]

16.     Defendant denies the allegations in paragraph 16 of the Complaint.

17.     Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegations in paragraph 18 of the Complaint.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant denies the allegations in paragraph 20 of the Complaint.

---

[1] For clarity and the convenience of the Court and the parties, Defendant restates the headings used in Plaintiff's Complaint herein but denies that Plaintiff's headings are accurate statements of law or fact. To the extent any heading contains an allegation to which a response is required, Defendant denies the allegation.

**Existing Law Already Prevents Actually Misleading or Deceptive Labeling**

21.     The allegations in paragraph 21 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 21 of the Complaint are denied.

22.     The allegations in paragraph 22 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 22 of the Complaint are denied.

23.     The allegations in paragraph 23 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 23 of the Complaint are denied.

24.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 24 of the Complaint and therefore denies the allegations.

25.     The allegations in paragraph 25 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 25 of the Complaint are denied.

26.     The allegations in paragraph 26 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 26 of the Complaint are denied.

27.     The allegations in paragraph 27 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 27 of the Complaint are denied.

28.     The allegations in paragraph 28 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 28 of the Complaint are denied.

29.     The allegations in paragraph 29 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 29 of the Complaint are denied.

30.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 30 of the Complaint and therefore denies the allegations.

31.     The allegations in paragraph 31 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 31 of the Complaint are denied.

32.     The allegations in paragraph 32 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 32 of the Complaint are denied.

33.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 33 of the Complaint and therefore denies the allegations.

**The Act**

34.     Defendant admits the allegations in paragraph 34 of the Complaint.

35.     Defendant states that Ark. Code Ann. § 2-1-301 speaks for itself. Defendant denies the allegations in paragraph 35 of the Complaint to the extent they misquote or mischaracterize Ark. Code Ann. § 2-1-301. Defendant denies any remaining allegations in paragraph 35 of the Complaint.

36.     Defendant states that Ark. Code Ann. § 2-1-301, *et seq.* speaks for itself. Defendant denies the allegations in paragraph 36 of the Complaint to the extent they misquote or mischaracterize Ark. Code Ann. § 2-1-301, *et seq.* Defendant denies any remaining allegations in paragraph 36 of the Complaint.

37.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 37 of the Complaint and therefore denies the allegations.

38.     Defendant admits the allegations in paragraph 38 of the Complaint.

39.     Defendant states that Ark. Code Ann. § 2-1-305 speaks for itself. Defendant denies the allegations in paragraph 39 of the Complaint to the extent they misquote or mischaracterize Ark. Code Ann. § 2-1-305. Defendant denies any remaining allegations in paragraph 39 of the Complaint.

40.     Defendant states that Ark. Code Ann. § 2-1-302 speaks for itself. Defendant denies the allegations in paragraph 40 of the Complaint to the extent they misquote or mischaracterize Ark. Code Ann. § 2-1-302. Defendant denies any remaining allegations in paragraph 40 of the Complaint.

41.     Defendant states that Ark. Code Ann. § 2-1-302 speaks for itself. Defendant denies the allegations in paragraph 41 of the Complaint to the extent they misquote or mischaracterize Ark. Code Ann. § 2-1-302. Defendant denies any remaining allegations in paragraph 41 of the Complaint.

42.     Defendant states that Ark. Code Ann. § 2-1-302 speaks for itself. Defendant denies the allegations in paragraph 42 of the Complaint to the extent they

misquote or mischaracterize Ark. Code Ann. § 2-1-302. Defendant denies any remaining allegations in paragraph 42 of the Complaint.

43.     Defendant states that Ark. Code Ann. § 2-1-302 speaks for itself. Defendant denies the allegations in paragraph 43 of the Complaint to the extent they misquote or mischaracterize Ark. Code Ann. § 2-1-302. Defendant denies any remaining allegations in paragraph 43 of the Complaint.

44.     Defendant states that Ark. Code Ann. § 2-1-306 speaks for itself. Defendant denies the allegations in paragraph 44 of the Complaint to the extent they misquote or mischaracterize Ark. Code Ann. § 2-1-306. Defendant denies any remaining allegations in paragraph 44 of the Complaint.

**Effect of the Act on Tofurky Co.**

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

46.     Defendant denies the allegations in paragraph 46 of the Complaint.

47.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 47 of the Complaint and therefore denies the allegations.

48.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 48 of the Complaint and therefore denies the allegations.

49.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 49 of the Complaint and therefore denies the allegations.

50.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 50 of the Complaint and therefore denies the allegations.

51.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 51 of the Complaint and therefore denies the allegations.

52.     Defendant denies the allegations in paragraph 52 of the Complaint.

53.     Defendant denies the allegations in paragraph 53 of the Complaint.

54.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 54 of the Complaint and therefore denies the allegations.

55.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 55 of the Complaint and therefore denies the allegations.

56.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 56 of the Complaint and therefore denies the allegations.

57.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 57 of the Complaint and therefore denies the allegations.

58.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 58 of the Complaint and therefore denies the allegations.

59.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 59 of the Complaint and therefore denies the allegations.

### COUNT I
*Violation of Civil Rights – 42 U.S.C. § 1983*
*First Amendment*

60.     Defendant incorporates by reference the allegations made in the preceding paragraphs as if they were fully set forth herein.

61.     The allegations in paragraph 61 of the Complaint do not require a response by Defendant. To the extent the allegations do require a response, Defendant denies the allegations in paragraph 61 of the Complaint.

62.     The allegations in paragraph 62 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 62 of the Complaint are denied.

63.     Defendant denies the allegations in paragraph 63 of the Complaint.

64.     Defendant denies the allegations in paragraph 64 of the Complaint.

65.     Defendant denies the allegations in paragraph 65 of the Complaint.

66.     Defendant denies the allegations in paragraph 66 of the Complaint.

67.     Defendant denies the allegations in paragraph 67 of the Complaint.

**COUNT II**
*Violation of Civil Rights – 42 U.S.C. § 1983*
*Fourteenth Amendment Due Process Clause*

68.     Defendant incorporates by reference the allegations made in the preceding paragraphs as if they were fully set forth herein.

69.     The allegations in paragraph 69 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 69 of the Complaint are denied.

70.     The allegations in paragraph 70 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 70 of the Complaint are denied.

71.     Defendant denies the allegations in paragraph 71 of the Complaint.

72.     Defendant denies the allegations in paragraph 72 of the Complaint.

73.     Defendant denies the allegations in paragraph 73 of the Complaint.

74.     Defendant denies the allegations in paragraph 74 of the Complaint.

**COUNT III**
*Violation of Civil Rights – 42 U.S.C. § 1983*
*Dormant Commerce Clause*

75.     Defendant incorporates by reference the allegations made in the preceding paragraphs as if they were fully set forth herein.

76.     The allegations in paragraph 76 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 76 of the Complaint are denied.

77.     Defendant denies the allegations in paragraph 77 of the Complaint.

78.     Defendant denies the allegations in paragraph 78 of the Complaint.

79.     Defendant denies the allegations in paragraph 79 of the Complaint.

80.     Defendant denies the allegations in the first sentence of paragraph 80 of the Complaint. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 80 of the Complaint and therefore denies the allegations.

81.     Defendant denies the allegations in paragraph 81 of the Complaint.

82.     Defendant denies the allegations in paragraph 82 of the Complaint.

83.     Defendant denies the allegations in paragraph 83 of the Complaint.

84.     Defendant denies the allegations in paragraph 84 of the Complaint.

85.     Defendant denies the allegations in paragraph 85 of the Complaint.

86.     Defendant denies the allegations in paragraph 86 of the Complaint.

**PRAYER FOR RELIEF**

87.     Defendant denies that Plaintiff or any other individual or entity is entitled to the relief requested in the "Wherefore" paragraph including subparagraphs (a) through (e), or any relief whatsoever.

88.     Defendant denies each and every material allegation not specifically admitted in this Answer.

**AFFIRMATIVE AND OTHER DEFENSES**

89.     Pleading affirmatively, Defendant asserts that, at all times, Plaintiff's rights were not violated or improperly infringed.

90.     Ark. Code Ann. § 2-1-305 is constitutional on its face and as applied to Plaintiff.

91.     Defendant raises and reserves defenses pursuant to Rule 12(b) of the *Federal Rules of Civil Procedure*, including but not limited to:

    a.   Lack of jurisdiction over the subject matter;

    b.   Lack of personal jurisdiction over the person;

    c.   Insufficiency of service of process;

    d.   Insufficiency of process;

    e.   Failure to join a party under Fed. R. Civ. P. 19; and

    f.   Failure to state facts upon which relief can be granted.

92.     Plaintiff's claims are barred, in whole or in part, by accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress,

estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

93.     Plaintiff's claims are also barred, in whole or in part, by lack of standing.

94.     Defendant is entitled to all applicable immunities, including, but not limited to, sovereign immunity, statutory immunity, absolute immunity, and qualified immunity.

95.     Defendant asserts Plaintiff fails to present a justiciable controversy.

96.     Defendant asserts Plaintiff does not meet the equitable requirements for injunctive relief and any such relief would be improper.

97.     Defendant asserts Plaintiff does not meet the requirements for declaratory relief and any such relief would be improper.

98.     Defendant reserves the right to assert additional defenses, to the extent such defenses are applicable, as discovery continues.

99.     Defendant reserves the right to amend this Answer and plead further herein pending appropriate investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant Nikhil Soman, in his official capacity as Director of the Arkansas Bureau of Standards, prays that the Plaintiff take nothing on its Complaint, the same be dismissed with prejudice, and for all other relief to which he may lawfully be entitled.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

Jerry Garner
Ark Bar No. 2014134
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Tel.: (501) 682-1723
Fax: (501) 682-2591
Email: jerry.garner@arkansasag.gov

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Jerry Garner, hereby certify that on August 13, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.


Jerry Garner