IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TURTLE ISLAND FOODS, SPC,
doing business as THE TOFURKY COMPANY                          PLAINTIFF

v.                     CASE NO. 4:19-CV-514-KGB

NIKHIL SOMAN, in his official capacity as
Director of the Arkansas Bureau of Standards                   DEFENDANT

### DECLARATION OF NIKHIL SOMAN

I, Nikhil Soman, declare as follows:

1. I am the Director of the Arkansas Bureau of Standards. I am over the age of 18 years old. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to those facts if called as a witness.

2. This past legislative session, the General Assembly passed Act 501, codified at Ark. Code Ann. § 2-1-301, *et seq.* The Act took effect on July 24, 2019.

3. The stated legislative purpose of the Act is to protect consumers from being misled or confused by false or misleading labeling of agricultural products that are edible by humans.

4. Act 501 provides that the Director of the Arkansas Bureau of Standards shall (1) administer and enforce the Act; (2) promulgate rules to implement the purposes and requirements of the Act; and (3) receive and investigate complaints regarding alleged violations of the Act and the rules promulgated by the Director.


EXHIBIT B

5. Shortly before the Act was set to take effect, Turtle Islands Foods, SPC, doing business as The Tofurky Company ("Tofurky), filed suit for declaratory and injunctive relief in the United States District Court for the Eastern District of Arkansas challenging the constitutionality of certain provisions of Act 501. *See Turtle Island Foods, SPC v. Soman,* Case No. 4:19-CV-514-KGB.

6. Because Tofurky challenged the constitutionality of specific provisions of the Act before they became effective, the Arkansas Bureau of Standards has not taken steps to enforce the provisions of the Act challenged by Tofurky at this time. The Bureau has also not begun the process of promulgating rules related to implementing the purposes and requirements of the challenged portions of the Act.

7. To avoid unnecessarily expending departmental resources and the efforts of the Bureau's staff, the Arkansas Bureau of Standards does not intend to begin enforcement of the subsections of Act 501 challenged by Tofurky in this case until such time as the Company's constitutional challenge to those provisions are resolved.

8. Tofurky has not been assessed a civil penalty or fined under Ark. Code Ann. § 2-1-301, *et seq.*, and the Bureau has not taken steps to begin penalizing or fining Tofurky under the Act.

9. To my knowledge, Tofurky has not removed any of its products from stores in Arkansas as a result of the Act and has not changed its labeling or marketing practices within the State.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 21st day of August 2019.

By: _____
Nikhil Soman