IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TURTLE ISLAND FOODS, SPC,**
**doing business as THE TOFURKY COMPANY**                                **PLAINTIFF**

    **v.**                          **CASE NO. 4:19-CV-514-KGB**

**NIKHIL SOMAN, in his official capacity as**
**Director of the Arkansas Bureau of Standards**                      **DEFENDANT**

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now Defendant Nikhil Soman, in his official capacity as Director of the Arkansas Bureau of Standards, and for his Answer to Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint"), states:

**INTRODUCTION**

1. Defendant admits Plaintiff purports to bring this action challenging the constitutionality of Ark. Code Ann. § 2-1-305 ("the Act"), but denies the Act is unconstitutional or that Plaintiff or any other individual or entity has a valid claim against Defendant. Defendant admits the Act prohibits the misbranding or misrepresentation of agricultural products. Defendant admits the Act provides for a civil penalty not to exceed $1,000.00 for each violation of the Act. Defendant denies the remaining allegations in paragraph 1 of the Amended Complaint.

2. Defendant denies the allegations in paragraph 2 of the Amended Complaint.

3. Defendant admits Plaintiff purports to seek injunctive and declaratory relief but denies that Plaintiff is entitled to such relief. Defendant denies the remaining allegations in paragraph 3 of the Amended Complaint.

### JURISDICTION AND VENUE

4. Defendant admits Plaintiff purports to bring this claim under 42 U.S.C. § 1983. Defendant admits the Court has jurisdiction over this matter. Defendant denies the remaining allegations in paragraph 4 of the Amended Complaint.

5. The allegations in paragraph 5 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 5 are denied.

6. Defendant admits venue is proper in this Court.

### PARTIES

7. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 7 of the Amended Complaint and therefore denies the allegations.

8. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 8 of the Amended Complaint and therefore denies the allegations.

9. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 9 of the Amended Complaint and therefore denies the allegations.

10. Defendant admits the allegations contained in the first two sentences of paragraph 10 of the Amended Complaint. The remaining allegations in paragraph 10 do not require a response from Defendant. To the extent a response is required, the allegations are denied.

## FACTS

### Plant- and Cell-Based Meats

11. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 11 of the Amended Complaint and therefore denies the allegations.

12. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 12 of the Amended Complaint and therefore denies the allegations.

13. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 13 of the Amended Complaint and therefore denies the allegations.

14. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 14 of the Amended Complaint and therefore denies the allegations.

15. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 15 of the Amended Complaint and therefore denies the allegations.

**Consumers Are Not Confused About Plant-Based Meats[1]**

16. Defendant denies the allegations in paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations in paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations in paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations in paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations in paragraph 20 of the Amended Complaint.

**Existing Law Already Prevents Actually Misleading or Deceptive Labeling**

21. The allegations in paragraph 21 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 21 of the Amended Complaint are denied.

22. The allegations in paragraph 22 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 22 of the Amended Complaint are denied.

---

[1] For clarity and the convenience of the Court and the parties, Defendant restates the headings used in Plaintiff's Amended Complaint herein but denies that Plaintiff's headings are accurate statements of law or fact. To the extent any heading contains an allegation to which a response is required, Defendant denies the allegation.

23. The allegations in paragraph 23 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 23 of the Amended Complaint are denied.

24. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 24 of the Amended Complaint and therefore denies the allegations.

25. The allegations in paragraph 25 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 25 of the Amended Complaint are denied.

26. The allegations in paragraph 26 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 26 of the Amended Complaint are denied.

27. The allegations in paragraph 27 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 27 of the Amended Complaint are denied.

28. The allegations in paragraph 28 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 28 of the Amended Complaint are denied.

29. The allegations in paragraph 29 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 29 of the Amended Complaint are denied.

30. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 30 of the Amended Complaint and therefore denies the allegations.

31. The allegations in paragraph 31 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 31 of the Amended Complaint are denied.

32. The allegations in paragraph 32 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 32 of the Amended Complaint are denied.

33. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 33 of the Amended Complaint and therefore denies the allegations.

**The Act**

34. Defendant admits the allegations in paragraph 34 of the Amended Complaint.

35. Defendant states that Ark. Code Ann. § 2-1-301 speaks for itself. Defendant denies the allegations in paragraph 35 of the Amended Complaint to the extent they misquote or mischaracterize Ark. Code Ann. § 2-1-301. Defendant denies any remaining allegations in paragraph 35 of the Amended Complaint.

36. Defendant states that Ark. Code Ann. § 2-1-301, *et seq.* speaks for itself. Defendant denies the allegations in paragraph 36 of the Amended Complaint to the

extent they misquote or mischaracterize Ark. Code Ann. § 2-1-301, *et seq*. Defendant denies any remaining allegations in paragraph 36 of the Amended Complaint.

37.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 37 of the Amended Complaint and therefore denies the allegations.

38.     Defendant admits the allegations in paragraph 38 of the Amended Complaint.

39.     Defendant states that Ark. Code Ann. § 2-1-305 speaks for itself. Defendant denies the allegations in paragraph 39 of the Amended Complaint to the extent they misquote or mischaracterize Ark. Code Ann. § 2-1-305. Defendant denies any remaining allegations in paragraph 39 of the Amended Complaint.

40.     Defendant states that Ark. Code Ann. § 2-1-302 speaks for itself. Defendant denies the allegations in paragraph 40 of the Amended Complaint to the extent they misquote or mischaracterize Ark. Code Ann. § 2-1-302. Defendant denies any remaining allegations in paragraph 40 of the Amended Complaint.

41.     Defendant states that Ark. Code Ann. § 2-1-302 speaks for itself. Defendant denies the allegations in paragraph 41 of the Amended Complaint to the extent they misquote or mischaracterize Ark. Code Ann. § 2-1-302. Defendant denies any remaining allegations in paragraph 41 of the Amended Complaint.

42.     Defendant states that Ark. Code Ann. § 2-1-302 speaks for itself. Defendant denies the allegations in paragraph 42 of the Amended Complaint to the extent they

misquote or mischaracterize Ark. Code Ann. § 2-1-302. Defendant denies any remaining allegations in paragraph 42 of the Amended Complaint.

43.     Defendant states that Ark. Code Ann. § 2-1-302 speaks for itself. Defendant denies the allegations in paragraph 43 of the Amended Complaint to the extent they misquote or mischaracterize Ark. Code Ann. § 2-1-302. Defendant denies any remaining allegations in paragraph 43 of the Amended Complaint.

44.     Defendant states that Ark. Code Ann. § 2-1-306 speaks for itself. Defendant denies the allegations in paragraph 44 of the Amended Complaint to the extent they misquote or mischaracterize Ark. Code Ann. § 2-1-306. Defendant denies any remaining allegations in paragraph 44 of the Amended Complaint.

**Effect of the Act on Tofurky Co.**

45.     Defendant denies the allegations in paragraph 45 of the Amended Complaint.

46.     Defendant denies the allegations in paragraph 46 of the Amended Complaint.

47.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 47 of the Amended Complaint and therefore denies the allegations.

48.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 48 of the Amended Complaint and therefore denies the allegations.

49. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 49 of the Amended Complaint and therefore denies the allegations.

50. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 50 of the Amended Complaint and therefore denies the allegations.

51. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 51 of the Amended Complaint and therefore denies the allegations.

52. Defendant denies the allegations in paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations in paragraph 53 of the Amended Complaint.

54. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 54 of the Amended Complaint and therefore denies the allegations.

55. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 55 of the Amended Complaint and therefore denies the allegations.

56. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 56 of the Amended Complaint and therefore denies the allegations.

57. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 57 of the Amended Complaint and therefore denies the allegations.

58. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 58 of the Amended Complaint and therefore denies the allegations.

59. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 59 of the Amended Complaint and therefore denies the allegations.

**COUNT I**
*Violation of Civil Rights – 42 U.S.C. § 1983*
*First Amendment*

60. Defendant incorporates by reference the allegations made in the preceding paragraphs as if they were fully set forth herein.

61. The allegations in paragraph 61 of the Amended Complaint do not require a response by Defendant. To the extent the allegations do require a response, Defendant denies the allegations in paragraph 61 of the Amended Complaint.

62. The allegations in paragraph 62 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 62 of the Amended Complaint are denied.

63. Defendant denies the allegations in paragraph 63 of the Amended Complaint.

64. Defendant denies the allegations in paragraph 64 of the Amended Complaint.

65. Defendant denies the allegations in paragraph 65 of the Amended Complaint.

66. Defendant denies the allegations in paragraph 66 of the Amended Complaint.

67. Defendant denies the allegations in paragraph 67 of the Amended Complaint.

## COUNT II
### *Violation of Civil Rights – 42 U.S.C. § 1983*
### *Fourteenth Amendment Due Process Clause*

68. Defendant incorporates by reference the allegations made in the preceding paragraphs as if they were fully set forth herein.

69. The allegations in paragraph 69 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 69 of the Amended Complaint are denied.

70. The allegations in paragraph 70 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 70 of the Amended Complaint are denied.

71. Defendant denies the allegations in paragraph 71 of the Amended Complaint.

72. Defendant denies the allegations in paragraph 72 of the Amended Complaint.

73. Defendant denies the allegations in paragraph 73 of the Amended Complaint.

74. Defendant denies the allegations in paragraph 74 of the Amended Complaint.

**PRAYER FOR RELIEF**

75. Defendant denies that Plaintiff or any other individual or entity is entitled to the relief requested in the unnumbered "Wherefore" paragraph, including subparagraphs (a) through (e), or any relief whatsoever.

76. Defendant denies each and every material allegation not specifically admitted in this Answer.

**AFFIRMATIVE AND OTHER DEFENSES**

77. Pleading affirmatively, Defendant asserts that, at all times, Plaintiff's rights were not violated or improperly infringed.

78. Ark. Code Ann. § 2-1-305 is constitutional on its face and as applied to Plaintiff.

79. Defendant raises and reserves defenses pursuant to Rule 12(b) of the *Federal Rules of Civil Procedure*, including but not limited to:

   a. Lack of jurisdiction over the subject matter;
   b. Lack of personal jurisdiction over the person;
   c. Insufficiency of service of process;
   d. Insufficiency of process;
   e. Failure to join a party under Fed. R. Civ. P. 19; and

    f. Failure to state facts upon which relief can be granted.

80. Plaintiff's claims are barred, in whole or in part, by accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

81. Plaintiff's claims are also barred, in whole or in part, by lack of standing.

82. Defendant is entitled to all applicable immunities, including, but not limited to, sovereign immunity, statutory immunity, absolute immunity, and qualified immunity.

83. Defendant asserts Plaintiff fails to present a justiciable controversy.

84. Defendant asserts Plaintiff does not meet the equitable requirements for injunctive relief and any such relief would be improper.

85. Defendant asserts Plaintiff does not meet the requirements for declaratory relief and any such relief would be improper.

86. Defendant reserves the right to assert additional defenses, to the extent such defenses are applicable, as discovery continues.

87. Defendant reserves the right to amend this Answer and plead further herein pending appropriate investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant Nikhil Soman, in his official capacity as Director of the Arkansas Bureau of Standards, prays that the Plaintiff take nothing on its Amended Complaint, the same be dismissed with prejudice, and for all other relief to which he may lawfully be entitled.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

Jerry Garner
Ark. Bar No. 2014134
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Tel.: (501) 682-1723
Fax: (501) 682-2591
Email: jerry.garner@arkansasag.gov

*Attorneys for Defendant*