# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TURTLE ISLAND FOODS SPC**                                                                              **PLAINTIFF**
**d/b/a TOFURKY COMPANY**

v.                                     Case No. 4:19-cv-00514-KGB

**NIKHIL SOMAN in his official capacity**
**as Director of the Arkansas Bureau of Standards**                                              **DEFENDANT**

## ORDER

Before the Court is a joint motion for entry of stipulated protective order (Dkt. No. 34). On July 22, 2019, plaintiff Turtle Island Foods SPC, d/b/a The Tofurky Company ("Tofurky") filed this lawsuit against defendant Nikhil Soman, in his official capacity as Director of the Arkansas Bureau of Standards ("the State"), alleging that the challenged provisions of Arkansas Code Annotated § 2-1-301, *et seq.*, violate the First and Fourteenth Amendments (Dkt. No. 1). On December 11, 2020, this Court granted Tofurky's motion for a preliminary injunction and enjoined the State from enforcing the challenged provisions against Tofurky while this litigation remains pending (Dkt. No. 25). Tofurky filed its amended complaint on April 15, 2020, and the State filed its answer on April 16, 2020 (Dkt. Nos. 31; 32). On April 16, 2020, the parties filed their Joint Rule 16(f) report, in which the parties stated that they were conferring about a joint proposed protective order (Dkt. No. 33). The parties have submitted a Proposed Stipulated Protective Order (Dkt. No. 35). The parties maintain that good cause exists for the entry of this Proposed Stipulated Protective Order and that discovery may be sought in this action that could include requests for information of a highly sensitive and confidential nature, including requests for business, commercial, financial, and/or trade secret information of Tofurky (Dkt. No. 34, ¶ 4). For good

cause shown, the Court grants the parties' joint motion for entry of stipulated protective order, consistent with the following terms (Dkt. No. 34).

It is hereby ordered that:

1. Except as otherwise ordered by this Court, this Protective Order shall govern the handling of all confidential and sensitive documents, testimony, interrogatories, correspondence and any other material or information, whether oral or written, produced, disclosed, or filed by any party or non-party in this action and designated as such in accordance with the terms hereof.

2. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.  If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

3. "Highly Confidential Information" shall mean extremely sensitive "Confidential Information," the disclosure of which to another Party or Non-Party would create a substantial risk

of serious harm that could not be avoided by less restrictive means. Highly Confidential Information not designated with a more restrictive designation, to the extent possible, shall be marked or otherwise designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4. "Confidential Information" shall mean information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26. Confidential Information not designated under a more restrictive designation shall be marked or otherwise designated "CONFIDENTIAL."

5. It shall be the obligation of the parties to mark as "Confidential" or "Highly Confidential" any documents or interrogatory responses provided in discovery which a party believes to contain Confidential or Highly Confidential Information. However, the failure to designate correctly any Confidential or Highly Confidential Information produced does not waive the protection otherwise attaching to the Confidential or Highly Confidential Information. Upon a party's discovery that particular information was incorrectly designated, or not designated, as Confidential or Highly Confidential, that party shall promptly provide notice to counsel for the other party. The party shall then have 10 calendar days in which to designate or re-designate the information as Confidential or Highly Confidential. In the interim, the obligations of the receiving party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and the information may not be used in a manner inconsistent with this Order.

6. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

8. If the parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must state that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating party to make such a statement in the motion within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

9. The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the designating party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

10. If a deposition requires the disclosure of Confidential or Highly Confidential Information, the deposition or portions thereof shall be designated as "Confidential" or "Highly Confidential" and shall be subject to the provisions of this Protective Order. Such designation shall be made within 10 days after notice by the court reporter of the completion of the transcript. In the interim, the information may not be used in a manner inconsistent with this Order.

11. Confidential or Highly Confidential Information and any documents containing Confidential or Highly Confidential Information may be used or disclosed solely for the purpose of the preparation and trial of this case, with the exception that a producing party may disclose or produce its own Highly Confidential Information and Confidential Information to any person or government agencies without a request or subpoena therefore without violating any term of this Order provided that any such disclosure to any person or government agency is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

12. Any party that receives Confidential Information through this action shall disclose the Confidential Information only to the following persons ("Authorized Person(s)"):

  a. the parties to this action, as well as employees of the parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  b. attorneys in the offices of counsel of record who are actively working on this case, as well as paralegals, clerical staff, and other assistants, whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  c. expert witnesses[1] who may present evidence under Federal Rule of Evidence 702, 703, or 705 and consultants or non-testifying expert witnesses retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  d. the Court and any court personnel necessary to facilitate this litigation including clerical and administrative staff;

  e. court reporters and their staff, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

13. In the event any counsel of record determines that persons other than Authorized Persons (identified in Paragraph 12 above) need to review any Confidential Information, written authorization of opposing counsel must be obtained in advance of such disclosure. Should counsel

---

[1] A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a party or of a party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a party or of a party's competitor.

refuse such authorization, the party objecting to the sharing of Confidential Information with persons other than Authorized Persons may apply to the Court to prohibit such authorization. Court authorization is required before any such disclosure is made to persons other than Authorized Persons.

14. Any party that receives Highly Confidential Information through this action shall disclose the Highly Confidential Information only to the following persons ("Authorized Person(s)"):

    a. attorneys in the offices of counsel of record who are actively working on this case, as well as paralegals, clerical staff, and other assistants, whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    b. expert witnesses who may present evidence under Federal Rule of Evidence 702, 703, or 705 and consultants or non-testifying expert witnesses retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    c. the Court and any court personnel necessary to facilitate this litigation, including clerical and administrative staff;

    d. court reporters and their staff, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

15. In the event any counsel of record determines that (1) any employee(s) of a party who will be testifying in this case or (2) any expert witness who may present evidence under

Federal Rule of Evidence 702, 703, or 705 retained in connection with this proceeding or (3) any consultant or non-testifying expert witnesses retained in connection with this proceeding needs to review any Highly Confidential Information, counsel will notify opposing counsel of the need for the disclosure through a written explanation of why Highly Confidential Information should be disclosed in this manner. Counsel may challenge the appropriateness of such proposed disclosure of Highly Confidential Information within five business days. Should counsel challenge the appropriateness of such proposed disclosure of Highly Confidential Information, the party challenging the appropriateness of such proposed disclosure of Highly Confidential Information may apply to the Court to prohibit the disclosure. If disclosure is challenged in accord with the terms of this Protective Order, Court authorization is required before any such proposed disclosure of Highly Confidential Information is made.

16. It shall be the responsibility of counsel to bring this Order to the attention of, and provide a copy of this Order to, all individuals to whom Confidential Highly Confidential Information or Confidential Information is disclosed and to ensure that all such persons comply with the terms of this Order. Except for counsel of record and court personnel, any person to whom Confidential or Highly Confidential Information is disclosed shall be furnished with a copy of this Protective Order, and a copy of the Declaration in the form of "Attachment A" to this Order, which that person shall read and sign. Counsel are obligated to retain timely executed copies of the Declarations and, upon request by the Court, to produce to the Court for examination in camera, ex parte, and under seal the timely executed Declarations.

17. The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order.

18.  If a party discloses Confidential or Highly Confidential information in a manner not authorized herein, the party must immediately and in writing notify the producing party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the producing party, make every effort to prevent further disclosure.

19.  In the event that there is an inadvertent production of material protected by the attorney-client privilege or the work product doctrine or other privilege or immunity from discovery, such production will not, and will not be deemed to, waive any privileges or protections applicable to such inadvertently produced material or to any other documents or communications that would otherwise be protected by the attorney-client privilege, work product doctrine, or other privilege or immunity from discovery, unless determined by the Court under existing law. A party may request the return of any material claimed to be inadvertently produced privileged material. Upon such request, the material shall be returned and logged on a privilege log. After such logging, challenges to the assertion of the privilege may be made. If a party requests the return of any material pursuant to this paragraph, the party in custody of the material shall immediately return to the requesting party all copies of the material or destroy it. If the material is produced via a hard drive or in another electronic form, such that it cannot be detached for return or definitively erased or destroyed, the recipient shall refrain from reviewing or using the material in any way, pending the logging of the material on a privilege log and the resolution of any challenges to the assertion of the privilege. The party returning such material shall not assert as a ground for entering an order compelling production of privileged material the fact or circumstances of the inadvertent production.

20. No Confidential or Highly Confidential Information shall be included in any document that is publicly filed in this litigation. Such information shall either be redacted or the entire document shall be filed under seal, meaning filed only manually on paper in a sealed envelope with a cover sheet containing: (1) the case caption; (2) the name of the document if it can be disclosed publicly (otherwise an appropriate title by which the document may be identified on the public docket); (3) the name, address, and telephone number of the person filing the document; and (4) the legend "Filed Under Seal Pursuant To Protective Order."

21. Confidential and Highly Confidential Information shall not become a part of the public record except upon the written consent of the party or person supplying the information or unless so ordered by this Court.

22. The duty to keep confidential any Confidential or Highly Confidential Information or documents designated as containing Confidential or Highly Confidential Information survives the completion of this case. At the conclusion of this case, the Confidential or Highly Confidential Information provided by any party—except for any sealed portions or any depositions and any documents filed under seal with the Court or any appellate court—shall be destroyed or returned to the entity who produced them within 60 days of the conclusion of the final proceeding in this litigation. Any Confidential or Highly Confidential Information in the custody of counsel or the parties which is modified to reflect attorney work product or attorney client communication shall be destroyed by counsel, rather than returned to the providing party, and counsel shall certify in written correspondence provided within 60 days of the conclusion of the final proceeding in this litigation that any such documents have been destroyed.

23. Nothing in this Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any information sought.

24. Nothing in this Order shall prevent any party from seeking a modification of, or appropriate relief from, any provision herein. Nor does anything in this Order prevent any party or entity from seeking further protection for Confidential or Highly Confidential Information or documents containing Confidential or Highly Confidential Information.

25. In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential" or "Highly Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

26. The termination of this litigation shall not relieve any person or party that has received Confidential or Highly Confidential Information of his, her, or its obligations under this Order.

27. Each person who or entity that receives or produces any designated information hereby agrees to subject himself, herself, or itself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violation of this Order.

So ordered this the 24th day of June, 2020.

_____
Kristine G. Baker
United States District Judge